UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTLAW LABORATORY, LP a Texas Limited Partnership,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO OUTLET INC., et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-1882-GPC-BGS<br><br>**ORDER GRANTING MOTION TO QUASH SUMMONS**<br><br>[ECF No 8.]. |
| ROMA MIKHA, INC, *Defendant-counterclaimant* and NMRM, Inc. and SKYLINE MARKET, INC., *third-party plaintiffs, individually and on behalf of all similarly situated entities*,<br><br>　　v.<br><br>OUTLAW LABORATORY, LP, Counterclaim Defendant and Third-Party Defendant | |

Before the Court is Defendant Midway M3, Inc.'s ("Midway's") Motion to Quash Summons, filed September 4, 2018. (ECF No. 8.) On September 21, 2018, Plaintiff Outlaw Laboratory, LP ("Plaintiff") filed a notice of non-opposition to Midway's motion to quash. (ECF No. 21.)

Midway is one of 51 defendants named in a July 25, 2018 complaint filed by Plaintiff in San Diego Superior Court. Thereafter, the clerk of the state court issued summons against the defendants; however, the docket of that court does not reflect that summons was ever served on any defendant. On August 12, 2018, another defendant in this action, Roma Mikha, Inc., removed the case to this Court (ECF No. 1.), and Plaintiff's counsel was served with removal papers via CM/ECF and first-class U.S. Mail.

On August 30, 2018, approximately three weeks after removal, Plaintiff caused to be served on Midway a state-court summons from San Diego Superior Court. Midway has moved to quash that summons pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), which permits defendants to move to quash for "insufficient process," and "insufficient service of process," respectively. FED. R. CIV. P. 12(b)(4), (5).

Midway argues that "[f]ollowing removal, service of process is technically ineffective if a plaintiff serves a defendant with a state couirt summons instead of a federal court summons." *Smallwood v. Allied Pickfords, LLC,* No. 08CV2196BTM(RBB), 2009 WL 3247180, at *2 (S.D. Cal. Sept. 29, 2009), *on reconsideration in part on other grounds*, No. 08CV2196 BTM(RBB), 2010 WL 11508273 (S.D. Cal. Feb. 5, 2010), *and aff'd sub nom. Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011); *see also Dean Marketing, Inc. v. AOC Intern. (U.S.A.) Ltd.*, 610 F. Supp. 149, 152 (E.D. Mich. 1985) ("[P]laintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a *state* court summons rather than a summons issued by *federal*

*court . . . .*"). Midway posits further that it was not alone in receiving an improper summons, and that similar summonses were likely to have been sent to the other 50 defendants in the case.

Midway's unopposed motion to quash the state-court summons served upon it on August 30, 2018, is **granted**. Midway's other request—for an order requiring Plaintiffs to inform all improperly-served defendants of the invalidity of the state-court summons—is also **granted** to the extent that Plaintiff has caused state-court summonses to be served on other defendants in this federal action after August 12, 2018. Plaintiff must make the notification within seven (7) days of the entry of this order. The motion hearing set for this matter on November 16, 2018, is hereby **vacated.**

**IT IS SO ORDERED.**

Dated: November 14, 2018

Hon. Gonzalo P. Curiel
United States District Judge