UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTLAW LABORATORY, LP a Texas Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO OUTLET INC., et al.,<br><br>Defendants. | Case No. 3:18-cv-1882-GPC-BGS<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE CASES**<br><br>[ECF No. 12.]. |
| ROMA MIKHA, INC, *Defendant-counterclaimant* and NMRM, Inc. and SKYLINE MARKET, INC., *third-party plaintiffs, individually and on behalf of all similarly situated entities*,<br><br>v.<br><br>OUTLAW LABORATORY, LP, Counterclaim Defendant and Third-Party Defendant | |

Before the Court is Defendant Roma Mikha, Inc., Midway M3, Inc., and Third-Party Plaintiffs NMRM, Inc. and Skyline Market, Inc.'s (collectively the "counterclaimants") Motion to Consolidate this case with *Outlaw Laboratory, L.P. v. DG in PB, LLC* ("*DG in PB*") (Case No. 18-cv-840-GPC-GBS), dated September 4, 2018 (ECF No. 12). Plaintiff Outlaw Laboratory, LP ("Outlaw"), has submitted a notice of non-opposition. (ECF No. 22.)

Fed. R. Civ. P. Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citing *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989); *Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984)). A district court has "broad discretion" in determining whether or not to consolidate actions. *See id.*; *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citing *Southwest Marine*, 720 F. Supp. at 806–807).

Upon review of the moving papers, the record, and the applicable law, the Court will grant the motion to consolidate. Review of the two operative complaints show that both cases are brought by the same Plaintiff, i.e., Outlaw, against similarly-situated defendants—i.e., retail stores accused of unlawfully offering for sale "sexual enhancement products" that allegedly compete with Outlaw's products. Indeed, the "factual allegations" section of both of Outlaw's complaints are identical; so too, are Outlaw's descriptions of the defendants' alleged bad acts.

Further, both complaints state causes of action for violations of Section 43(a)(1)(B) of the Lanham Act. The only difference between the two complaints, save the defendants' names, is that the complaint in the above-captioned matter also asserts two derivative state-law claims. However, because those state-law claims turn on the same evidence, and because the class action asserted against Plaintiff by the counterclaimants embrace the defendants identified in *DG in PB*, consolidation is nonetheless proper. The Court finds that this case and *DG in PB* share common questions of law and fact, FED. R. CIV. P. 42(a), and that the time and effort saved by consolidation will outweigh "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

The motion to consolidate is **GRANTED**. The Court hereby consolidates the above-captioned case and *DG in PB* for all purposes under the "low numbered case," Case No. 18-CV-840-GPC-BGS. All future filings must be made in No. 18-CV-840-GPC-BGS. The motion hearing set for this matter on November 16, 2018, is hereby **vacated.**

**IT IS SO ORDERED.**

Dated: November 14, 2018

Hon. Gonzalo P. Curiel
United States District Judge